[Crim. No. 24812. Second Dist., Div. Two. Aug. 14, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSEPH RONALD CINA, JR., Defendant and Respondent.

[Civ. No. 43854. Second Dist., Div. Two. Aug. 14, 1974.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JOSEPH RONALD CINA, JR., Real Party in Interest.

## Counsel

Joseph P. Busch, District Attorney, Harry B. Sondheim and Arnold T. Guminski, Deputy District Attorneys, for Plaintiff and Appellant in Crim. No. 24812 and for Petitioner in Civ. No. 43854.

Roger J. Ammann for Defendant and Respondent in Crim. No. 24812 and for Real Party in Interest in Civ. No. 43854.

No appearance for Respondent in Civ. No. 43854.

## OPINION

**FLEMING, J.**—The People seek a writ of mandate to compel the superior court to set aside an order diverting Joseph Ronald Cina, Jr., from prosecution on a charge of possession of marijuana (Health & Saf. Code, § 11357) pursuant to Penal Code sections 1000 to 1000.4. The People also appeal from the same order.[1]

Penal Code sections 1000 to 1000.4 permit the trial court under specified circumstances to temporarily divert prosecution of a defendant for certain narcotic and drug abuse offenses, and upon defendant's successful completion of a program of education, treatment, or rehabilitation, to dismiss the charges without prosecution. The issue here is whether Cina qualified for such diversion proceedings,

At the preliminary hearing Los Angeles Police Officer Felix testified that on 9 July 1973 he saw three marijuana plants growing in the back yard garden of a residence on Wakefield Street. He knocked at the front door and, when Cina answered, arrested him. Cina admitted the three marijuana plants were his. Cina also gave Felix a plastic container, a baggie filled with marijuana, and a marijuana cigarette and consented to a search of the house. Inside, Felix found a water pipe, additional marijuana debris, and a small piece of hashish.

The district attorney charged Cina with possession of marijuana (Health & Saf. Code, § 11357) and with cultivation of marijuana (Health & Saf. Code, § 11358).

One the date set for trial Cina requested the court to divert him on the charge of possession of marijuana. Over the district attorney's objection, the trial court referred the cause to the probation department for a diversion report. On receipt of the report the court, again over the district attorney's objection, diverted Cina on the possession charge and continued proceedings on the cultivation charge for one year.

Penal Code section 1000 provides: "(a) This chapter [Special Proceedings in Narcotics and Drug Abuse Cases] shall apply whenever a case is before any court upon an accusatory pleading for violation of Section[s]

---

[1]We find no statutory authorization for a People's appeal from the order. (Pen. Code, § 1238; Code Civ. Proc., § 904.1; cf. *Sledge* v. *Superior Court,* 11 Cal.3d 70, 75, fn. 5 [113 Cal.Rptr. 28, 520 P.2d 412].) In view of the availability to the People of mandate to review pre-conviction diversion orders, appeal would serve no needful purpose. (*People* v. *Superior Court (On Tai Ho)* 11 Cal.3d 59 [113 Cal.Rptr. 21, 520 P.2d 405].)

11500, 11530, 11555, 11556, 11910, or 11990 of the Health and Safety Code[2] and it appears to the district attorney that all of the following apply to the defendant:

"(1) The defendant has no prior conviction for any offense involving narcotics or restricted dangerous drugs.

"(2) The offense charged did not involve a crime of violence or threatened violence.

"(3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision.

"(4) The defendant has no record of probation or parole violations.

"(b) The district attorney shall review his file to determine whether or not paragraphs (1) to (4), inclusive, of subdivision (a) are applicable to the defendant."

■ The People contend the record contains evidence of a narcotics violation other than those listed, viz., cultivation of marijuana (Health & Saf. Code, § 11358; former Health & Saf. Code, § 11530.1), and therefore pursuant to Penal Code section 1000, subdivision (a)(3), diversion proceedings cannot be invoked on the charge of possession of marijuana. Cina argues the evidence shows only cultivation for personal use and the statute should be liberally construed to promote its objective of restoring first-time non-trafficking drug offenders to productive citizenship without the lasting stigma of a criminal conviction.

*People* v. *Superior Court (On Tai Ho)* 11 Cal.3d 59, 61 [113 Cal.Rptr. 21, 520 P.2d 405], holds that the district attorney may not veto the trial court's exercise of judicial discretion to divert an eligible defendant, but a companion case, *Sledge* v. *Superior Court*, 11 Cal.3d 70, 73 [113 Cal. Rptr. 28, 520 P.2d 412], states that "the process of adjudication begins" only after the district attorney has determined that the defendant may be eligible for diversion. The trial court therefore could not exercise its dis-

---

[2]These sections have been replaced by substantially similar Health and Safety Code sections which are differently numbered:

| Old | | New |
|---|---|---|
| 11500 | (Possession of narcotic other than marijuana) | —11350 |
| 11530 | (Possession of marijuana) | —11357 |
| 11555 | (Possession of narcotics paraphernalia) | —11364 |
| 11556 | (Presence of restricted dangerous drugs) | —11365 |
| 11910 | (Possession of restricted dangerous drugs) | —11377 |
| 11990 | (Possession of chemicals to make methamphetamine) | —11383 |

cretion to divert Cina until the district attorney determined Cina's eligibility for diversion pursuant to the requirements of Penal Code section 1000. The district attorney determined and the record establishes that Cina did not technically qualify for diversion in that he may have committed a narcotic offense (cultivation of marijuana) not enumerated by the statute as one eligible for diversion. (Pen. Code, § 1000, subd. (a)(3); *Sledge* v. *Superior Court*, 11 Cal.3d 70, 73 [113 Cal.Rptr. 28, 520 P.2d 412].) The Legislature could have rationally concluded that because cultivation of marijuana is often associated with trafficking in narcotics and normally carries a higher degree of culpability than simple possession, the cultivator should not be entitled to the benefits of diversion proceedings. (See *People* v. *Rogers*, 5 Cal.3d 129, 136-137 [95 Cal.Rptr. 601, 486 P.2d 129].) We think the trial court erred in diverting Cina over the district attorney's objection.

While the foregoing disposes of the legal issue before us, we nevertheless add a comment of our own. If the entirety of the prosecution's case on the charge of marijuana cultivation (§ 11358), rests on home cultivation of three marijuana plants in a back yard garden, the offense seems petty when viewed in the total context of drug trafficking. In the absence of additional evidence relating to the charge of cultivation, this charge would appear a proper one for dismissal in the interest of justice under Penal Code section 1385, either on the prosecution's motion before trial or, possibly, on the trial court's own motion after conviction. (*People* v. *Superior Court (Howard)* 69 Cal.2d 491, 504 [72 Cal.Rptr. 330, 446 P.2d 138]; *People* v. *Superior Court (Mowry)* 20 Cal.App.3d 684, 687 [97 Cal.Rptr. 886].)

A peremptory writ will issue directing the trial court to set aside its order diverting Cina on the charge of possession of marijuana (count II) and continuing proceedings for one year on the charge of marijuana cultivation (count I). The appeal is dismissed.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied September 4, 1974.