[No. C039242. Third Dist. Oct. 29, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNY SHARP, Defendant and Appellant.

COUNSEL

Michael B. DeWeese for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, and Maureen A. Daly, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**MORRISON, J.**—At issue in this case is whether a defendant convicted of cultivating marijuana (Health & Saf. Code, § 11358) is eligible for drug treatment rather than incarceration under Proposition 36 (Pen. Code, § 1210 et seq.) if the cultivation was for personal use. We agree with the trial court that cultivation of marijuana does not meet the statutory definition of a "nonviolent drug possession offense" because it is not "possession, use, or transportation for personal use" or "being under the influence" of a controlled substance. (Pen. Code, § 1210, subd. (a).) Rather, cultivation falls within the excluded offenses of " possession for sale, production, or manufacturing." (*Ibid.*) We affirm the judgment.

According to the probation report, defendant was detained for a search warrant after he left a residence that officers had under surveillance. During an interview defendant gave the officers consent to search another residence that his mother owned. He told the officers he had a key to that residence, paid the tenant $200 rent, and he and the tenant were cultivating marijuana in a room at the residence. In a protective sweep search, officers found approximately 20 marijuana plants being cultivated in a room. A thorough search of the residence revealed 17 other marijuana plants, a loaded pistol, scales, and packaging materials.

Defendant and a codefendant (the tenant) were charged with cultivating marijuana (Health & Saf. Code, § 11358) and possession of marijuana for sale (Health & Saf. Code, § 11359) with allegations of being armed (Pen. Code, § 12022, subd. (a)(1)). After motions to suppress were denied, defendant pled no contest to cultivating marijuana. Before sentencing defense counsel put on the record a conversation he had with the court. Counsel told the court he thought cultivating marijuana should be treated as a Proposition 36 case at sentencing, but the court disagreed. The court affirmed that view. "I am going to make a finding Proposition 36 has in black letters which offenses it applies to, and 11358 is not one of [them]" The court granted defendant probation, with 120 days jail time and a recommendation for the work furlough program.

Defendant contends Proposition 36 applies to a conviction for cultivating marijuana for personal use. Defendant contends cultivation for personal use is a nonviolent drug possession offense and falls within the express purpose of Proposition 36. Further, he argues, it is absurd for a person convicted of cultivation of marijuana for personal use not to be eligible for drug treatment under Proposition 36 since he would be eligible for deferred entry of judgment under Penal Code sections 1000–1000.8, and the two statutory schemes serve similar purposes.

At the outset, the Attorney General contends defendant has waived the contention because the record does not reveal the specific contention that cultivation for personal use is a Proposition 36 offense. Under *People v. Scott* (1994) 9 Cal.4th 331, 356 [36 Cal.Rptr.2d 627, 885 P.2d 1040], "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." Here, defendant raised the issue that he should be sentenced under Proposition 36. That was adequate to preserve the issue for appeal.

Proposition 36 was approved by the voters in November 2000. Its cornerstone is Penal Code section 1210.1, which provides in subdivision (a) that "any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program." Proposition 36 is thus triggered by a conviction for "a nonviolent drug possession offense" as that term is defined. "The term 'nonviolent drug possession offense' means the unlawful possession, use, or transportation for personal use of any controlled substance identified in Section 11054, 11055, 11056, 11057 or 11058 of the Health and Safety Code, or the offense of being under the influence of a controlled substance in violation of Section 11550 of the Health and Safety Code. The term 'nonviolent drug possession offense' does not include the possession for sale, production, or manufacturing of any controlled substance and does not include violations of Section 4573.6 or 4573.8." (Pen. Code, § 1210, subd. (a).)

■ In construing a voter initiative, we apply the same principles that govern statutory construction. (*People v. Rizo* (2000) 22 Cal.4th 681, 685 [94 Cal.Rptr.2d 375, 996 P.2d 27].) "Thus, 'we turn first to the language of the statute, giving the words their ordinary meaning.' [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. [Citation.] When the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' [Citation.]" (*Ibid.*)

Turning first to the language of the statute, cultivation of marijuana is not a nonviolent drug possession offense because the ordinary meaning of "cultivation" is not "possession, use, or transportation for personal use," or "being under the influence" of a controlled substance. This conclusion is reinforced by the argument in favor of Proposition 36 in the ballot pamphlet. This argument emphasized that Proposition 36 affected only "simple drug possession." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) argument in favor of Prop. 36, p. 26.) Cultivation requires more than simple possession; it includes planting, cultivating, harvesting, drying and processing marijuana. (Health & Saf. Code, § 11358.)

Not only is cultivation missing from the statutory definition of a "nonviolent drug possession offense," it falls within the acts specifically excluded. "The term 'nonviolent drug possession offense' does not include the possession for sale, production, or manufacturing of any controlled substance . . . ." (Pen. Code, § 1210, subd. (a).) In ordinary parlance, land is cultivated for the production of crops. (*Board of Supervisors v. Cothran* (1948) 84 Cal.App.2d 679, 682 [191 P.2d 506] ["the word 'farming' in both the popular and legal meaning of the term is the cultivation of the soil for the production of crops . . . ."].) ■ Cultivation of marijuana is the production of marijuana. Like manufacturing, it is considered a more serious offense than possession. "The Legislature has determined that cultivation of marijuana is a serious offense; it is the beginning of a process which ultimately places an illegal substance in the hands of great numbers of consumers." (*People v. Kun* (1987) 195 Cal.App.3d 370, 375 [240 Cal.Rptr. 564].)

Defendant contends his cultivation of marijuana qualifies under Proposition 36 because it was only for personal use. He argues it fits under the express purpose of Proposition 36 to provide drug treatment rather than incarceration to nonviolent drug offenders. He suggests there is no reason to exclude cultivation for personal use. The drafters of Proposition 36, however, may have believed that the experiment of drug treatment in lieu of incarceration should not extend to those who are so heavily involved in drug use that they manufacture or cultivate the drugs, rather than merely possess and use them.

Defendant relies on the fact that cultivation for personal use is a qualifying offense for deferred entry of judgment under Penal Code sections 1000–1000.8. "This chapter shall apply whenever a case is before any court upon an accusatory pleading for a violation of . . . Section 11358 of the Health and Safety Code if the marijuana planted, cultivated, harvested, dried, or processed is for personal use . . . ." (Pen. Code, § 1000, subd. (a).) The purpose of the deferred entry of judgment is "to 'divert' from the normal criminal process persons who are formally charged with first-time possession of drugs, have not yet gone to trial, and are found to be suitable for treatment

and rehabilitation at the local level." (*People v. Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 61 [113 Cal.Rptr. 21, 520 P.2d 405].) Defendant argues that since the purpose of deferred entry of judgment and Proposition 36 are similar, their scope should also be similar; it is "absurd" not to include cultivation for personal use within the scope of Proposition 36.

■ A comparison of Penal Code sections 1000 and 1210 shows the two statutory schemes are not identical in scope and the drafters of Proposition 36 did not intend to pattern the initiative after section 1000. For example, section 1000 applies at the accusatory pleading stage and only if the defendant has no prior convictions involving controlled substances. (Pen. Code, § 1000, subd. (a)(1).) In contrast, Proposition 36 applies after a conviction and the defendant may have a prior conviction for a nonviolent drug possession offense. (Pen. Code, § 1210.1, subds. (a) & (b)(5).) Indeed, based on the differences, the Attorney General has opined that Proposition 36 did not repeal by implication Penal Code sections 1000–1000.8. "Although the two statutory schemes deal with nonviolent drug offenders, they do not apply to precisely the same group of crimes (compare § 1210 with § 1000) and contain different exclusionary factors (compare § 1210.1 with § 1000)." (84 Ops.Cal.Atty.Gen. 85, 87 (2001).)

Although the two statutory schemes are different, we find instructive cases that address whether nonviolent drug offenses that were not at the time expressly included in Penal Code section 1000 should nonetheless be eligible for deferred entry of judgment. In *People v. Cina* (1974) 41 Cal.App.3d 136 [115 Cal.Rptr. 758], the People sought a writ of mandate to compel the superior court to set aside its order diverting defendant from prosecution on a charge of possession of marijuana. Defendant had also been charged with cultivating marijuana based on three marijuana plants in his garden. He argued the evidence only showed cultivation for personal use, so the diversion statute should be liberally construed to cover his situation. The court found the evidence of cultivation weak and suggested the cultivation charge should be dismissed in the interest of justice under Penal Code section 1385. (*Id.* at p. 140.) Nonetheless, at the time section 1000 did not specifically include cultivation so defendant did not technically qualify for the benefits of diversion; the court granted a writ to set aside the diversion order. (*Ibid.*) The statute was later amended to include cultivation for personal use. (Stats. 1975, ch. 1267, § 1, p. 3328.)

In *People v. Koester* (1975) 53 Cal.App.3d 631 [126 Cal.Rptr. 73], the trial court ruled a physician charged with violating Health and Safety Code section 11368 (issuing fictitious prescriptions for narcotic drugs) was not eligible for diversion. The appellate court agreed. Although defendant was an ideal candidate, the court found "since it is our function to interpret statutory laws,

not to change them, we must of necessity reach the same conclusion as did the trial judge." (*Koester*, at p. 633.) The court found persuasive defendant's arguments that the statute should be broadly interpreted and that the Legislature intended only those who are dealing in illegal narcotics to be ineligible for diversion. It could not, however, ignore the plain language of the statute that did not include Health and Safety Code section 11368 as an eligible offense. (*Koester*, at pp. 639–643.) Penal Code section 1000 was later amended to include Health and Safety Code section 11368 as an eligible offense "if the narcotic drug was secured by a fictitious prescription and is for the personal use of the defendant . . . ." (Stats. 1983, ch. 1314, § 2, pp. 5312–5313.)

■ These cases teach that where a statutory scheme designed to provide treatment for nonviolent drug offenders fails to include a particular nonviolent drug offense, it is for the Legislature, not the courts, to amend the statute to add the missing offense. Here, not only is the drug offense at issue missing, it appears to have been deliberately excluded. It is an elementary principle that the judicial function is simply to ascertain and declare what is in the terms and substance of a statute, not to insert what has been omitted or omit what has been inserted. (Code Civ. Proc., § 1858; *California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) ■ We hold to that principle and find Proposition 36 does not apply to a conviction for cultivation of marijuana for personal use.

The judgment is affirmed.

Sims, Acting, P. J., and Robie, J., concurred.