[No. A130758. First Dist., Div. One. Aug. 30, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID W. PARODI, Defendant and Appellant.

## COUNSEL

Mark Shenfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Stan Helfman and Christopher J. Wei, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DONDERO, J.**—Pursuant to a negotiated bargain, defendant David W. Parodi entered a plea of no contest to willfully bringing a controlled substance into a jail facility in violation of Penal Code section 4573 (section 4573).[1] He appeals the denial of his request for treatment under Proposition 36, contending the trial court erred in ruling his offense was ineligible for

---

[1] Section 4573 provides in part: "Except when otherwise authorized by law, . . . any person, who knowingly brings or sends into . . . any state prison . . . or into any county, city and county, or city jail . . . any controlled substance, the possession of which is prohibited by . . . the Health and Safety Code . . . is guilty of a felony punishable by imprisonment in the state prison for two, three, or four years. [¶] The prohibitions and sanctions addressed in this section shall be clearly and prominently posted outside of, and at the entrance to, the grounds of all detention facilities under the jurisdiction of, or operated by, the state or any city, county, or city and county." All further undesignated statutory references are to the Penal Code.

such treatment. We conclude the crime of willfully bringing a controlled substance into a jail facility in violation of section 4573 does not meet the statutory definition of a "nonviolent drug possession offense" as required for treatment under Proposition 36. (§ 1210, subd. (a).) We affirm the judgment.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 22, 2010, at approximately 1:00 a.m., Deputy Sheriff Chris Cloney was driving his patrol vehicle when he saw defendant walking by the side of the road. Cloney decided to contact defendant because he was wearing black clothing, carrying a plastic duffle bag, and had an illuminated flashlight. After contacting defendant, Cloney's partner searched the area nearby and found two foil packages appearing to contain methamphetamine, and a clear plastic baggie with a small amount of marijuana. Defendant was placed under arrest and searched.

Defendant was transported to the jail for booking. At the entrance to the facility, a posted sign approximately 18 inches by 18 inches in size states that it is a violation of the Penal Code to bring any contraband inside. Cloney searched defendant a second time before bringing him into the jail, and asked him if he had anything on his person that he would prefer not to bring inside. Defendant responded that he did not. After he was brought inside the jail, defendant was searched by a jail deputy who found a green plastic baggie inside his right sock that contained suspected methamphetamine. The substance was later determined to be 0.6 grams of methamphetamine. When Cloney asked defendant about the green plastic baggie, defendant told him that he had forgotten it was there.

On June 14, 2010, an information was filed accusing defendant of unlawful possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and willfully bringing a controlled substance into a jail facility (§ 4573).

On November 8, 2010, defendant entered a negotiated plea of no contest to willfully bringing a controlled substance into a jail facility. The remaining charge was dismissed. Defendant entered into the plea agreement with the understanding that he would either be sentenced under Proposition 36 or be sentenced to probation with 60 days in county jail, depending on the trial court's ruling as to whether section 4573 precludes the application of Proposition 36.

On November 24, 2010, the People filed a motion asserting defendant was ineligible for Proposition 36 treatment as a result of his conviction of violating section 4573.

On November 29, 2010, defendant filed a memorandum asserting he was eligible for sentencing under Proposition 36.

On December 3, 2010, the trial court denied defendant's motion, suspended imposition of sentence, and placed defendant on three years of supervised probation contingent on serving 60 days in county jail and paying various fees, fines, and assessments. The court issued a certificate of probable cause to allow defendant to appeal its ruling regarding Proposition 36.

## DISCUSSION

"Following the enactment of Proposition 36, the 'Substance Abuse and Crime Prevention Act of 2000,' which took effect July 1, 2001, a defendant who has been convicted of a 'nonviolent drug possession offense' must receive probation and diversion into a drug treatment program, and may not be sentenced to incarceration as an additional term of probation." (*People v. Canty* (2004) 32 Cal.4th 1266, 1272–1273 [14 Cal.Rptr.3d 1, 90 P.3d 1168] (*Canty*).) If the defendant completes such drug treatment and complies with the other conditions of probation, "the conviction on which the probation was based shall be set aside and the court shall dismiss the indictment, complaint, or information against the defendant." (§ 1210.1, subd. (e)(1).)

Defendant claims the trial court erroneously determined that a section 4573 conviction categorically precludes a grant of probation under the Substance Abuse and Crime Prevention Act of 2000 (the Act). When interpreting statutory language, we give the words their ordinary meaning. (*Canty, supra,* 32 Cal.4th 1266, 1276.) "Of course, the statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. [Citation.] 'The intent of the law prevails over the letter of the law, and " 'the letter will, if possible, be so read to conform to the spirit of the act.' [Citation.]" ' [Citation.] 'When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]" (*People v. Wheeler* (2005) 127 Cal.App.4th 873, 878 [26 Cal.Rptr.3d 138] (*Wheeler*).)

Under the Act, the term "nonviolent drug possession offense" is defined as "the unlawful personal use, possession for personal use, or transportation for personal use of any controlled substance identified in Section 11054, 11055, 11056, 11057 or 11058 of the Health and Safety Code, or the offense of being under the influence of a controlled substance in violation of Section 11550 of the Health and Safety Code." (§ 1210, subd. (a).) The Act further provides that the "term 'nonviolent drug possession offense' does not include the possession for sale, production, or manufacturing of any controlled substance and does not include violations of

Section 4573.6[2] or 4573.8."[3] (*Ibid.*) This later definitional clarification was added to section 1210, subdivision (a), by the Legislature in 2001. (Stats. 2001, ch. 721, § 2, p. 5616.)

■ The crime of violating section 4573 is committed by a person who "knowingly brings" into a jail "any controlled substance, the possession of which is prohibited by . . . the Health and Safety Code . . . ." (§ 4573.) The statute does not distinguish between substances that are brought in for personal use or for the use of others. While defendant argues there was no allegation that the methamphetamine found in his sock was intended for anything other than his personal use, our analysis must focus on the crime of which he was convicted. (See, e.g., *Wheeler, supra,* 127 Cal.App.4th 873, 880 ["The crime of prescription forgery . . . is not *simple* drug possession. Although a person could use a forged prescription, as defendant apparently did, as a method for trying to obtain narcotics for personal use, . . . the offense is not so limited."].)

In *Canty,* the Supreme Court considered whether a defendant convicted of transporting methamphetamine, a felony, and driving a vehicle while under the influence of a controlled substance, a misdemeanor, has been " 'convicted in the same proceeding of a misdemeanor not related to the use of drugs' " within the meaning of section 1210.1, subdivision (b)(2), and section 1210, subdivision (d). (*Canty, supra,* 32 Cal.4th 1266, 1273.) The court concluded a conviction for driving under the influence constituted a misdemeanor not related to the use of drugs, making the defendant ineligible for probation and treatment under Proposition 36. (32 Cal.4th at p. 1273.) In arriving at this conclusion, the court observed that the central focus of simple possession and similar drug charges is the individual offender's own involvement with the prohibited substance. In contrast, the central focus in a driving under the influence charge "is *driving* despite an impairment of capacity. [Citations.] That offense concerns the driver's activity as it actually or potentially affects or 'transacts' with other persons. In this respect, it is more similar to the

---

[2] Section 4573.6 provides, in part: "Any person who knowingly has in his or her possession in any state prison . . . or in any county, city and county, or city jail . . . any controlled substances, the possession of which is prohibited by . . . the Health and Safety Code . . . without being authorized to so possess the same by the rules of the Department of Corrections, rules of the prison or jail . . . or by the specific authorization of the warden, superintendent, jailer, or other person in charge . . . is guilty of a felony punishable by imprisonment in the state prison for two, three, or four years."

[3] Section 4573.8 provides, in part: "Any person who knowingly has in his or her possession in any state prison . . . or in any county, city and county, or city jail . . . drugs in any manner, shape, form, dispenser, or container, any device, contrivance, instrument, or paraphernalia intended to be used for unlawfully injecting or consuming drugs, or alcoholic beverages, without being authorized to possess the same by rules of the Department of Corrections, rules of the prison or jail, . . . or by the specific authorization of the warden, superintendent, jailer, or other person in charge . . . is guilty of a felony."

'commercial' drug offenses that expressly disqualify a defendant from receiving diversion." (*Id.* at p. 1279.)

Likewise in *People v. Moniz* (2006) 140 Cal.App.4th 86 [43 Cal.Rptr.3d 904], the appellate court relied on the analysis in *Canty* and held that the offense of concealing evidence is a misdemeanor not related to the use of drugs. In *Moniz*, the Court of Appeal stated: "Our decision is bolstered by other recent cases finding that a variety of misdemeanors render a defendant ineligible for Proposition 36 treatment. In *Wheeler, supra*, 127 Cal.App.4th at page 881, the court found forgery of a medical prescription, even when intended to obtain drugs for personal use, does not come within the term ' "nonviolent drug possession offense." ' [Citation.] Another court found the term 'nonviolent drug possession offense' excludes the crime of possession of a controlled substance while in immediate personal possession of a firearm. [Citation.] The logic applied in these cases applies with equal force to the offense of concealing or destroying evidence." (*Moniz, supra*, at p. 94; see also *People v. Sharp* (2003) 112 Cal.App.4th 1336, 1340, 1342 [5 Cal.Rptr.3d 771] [Prop. 36 does not apply to a conviction for cultivation of marijuana because it is not a nonviolent drug possession offense].)

Here, the principal focus of section 4573 is not on simple possession or use of illegal drugs, but rather on the act of bringing such unauthorized substances into a custodial setting. The rationale for discouraging this sort of conduct is obvious, and goes well beyond the problems associated with personal use of controlled substances.[4]

Defendant argues that under the maxim of statutory construction *expressio unius est exclusio alterius*, the legislative designation of sections 4573.6 and 4573.8 as crimes outside the purview of nonviolent drug possession offenses eligible for Proposition 36 treatment indicates that the Legislature specifically determined the crime of bringing controlled substances into jail constitutes an eligible nonviolent drug possession offense. He claims, "There are cogent reasons why the [Legislature] may have determined to categorically exempt possession of controlled substances in jail offenses from Proposition 36's scope but not bringing controlled substances into jail offenses." For example, he suggests the Legislature could have envisioned circumstances such as occurred here, where an arrestee simply forgets that he has secreted contraband upon his person. He also posits that the Legislature may have been

---

[4] "Section 4573.6 is related to, and to be construed together with, . . . sections 4573 and 4573.5, which prohibit bringing or sending drugs or drug paraphernalia into a prison or jail. [Citation.] Obviously, the ultimate evil with which the Legislature was concerned was drug use by prisoners. Nevertheless, it chose to take a prophylactic approach to the problem by attacking the very presence of drugs and drug paraphernalia in prisons and jails." (*People v. Gutierrez* (1997) 52 Cal.App.4th 380, 386 [60 Cal.Rptr.2d 561].)

sensitive to the possibility that arrestees would be forced to waive their right against self-incrimination in order to avoid violating section 4573 when being booked for an otherwise eligible offense. Significantly, however, he does not cite us to any legislative history in support of his assertions.

■ In our view, the Legislature most likely amended section 1210, subdivision (a), to specifically exclude sections 4573.6 and 4573.8 from Proposition 36's coverage because those sections expressly address the *possession* of controlled substances in secured facilities. The Legislature apparently wanted to exclude possession offenses committed in jails and prisons from the scope of Proposition 36. It was thus not necessary to expressly exclude section 4573 because that section proscribes the smuggling of controlled substances into correctional facilities; it does not punish possession of controlled substances.

■ Based both on the language and the express intent of Proposition 36, we conclude the crime of bringing a controlled substance into a correctional facility in violation of section 4573, even when the drugs are intended entirely for personal use, does not come within the term "nonviolent drug possession offense" as defined by Penal Code section 1210, subdivision (a).

## DISPOSITION

The judgment is affirmed.

Margulies, Acting P. J., and Banke, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 30, 2011, S196984.