Filed 1/29/16  P. v. Wiley CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KENNETH WILEY,<br><br>        Defendant and Appellant. | A144428<br><br>(Solano County<br>Super. Ct. No. FCR304178) |

Defendant Kenneth Wiley appeals from an order denying his petition for recall of sentence under Proposition 47 (Pen. Code, § 1170.18, subd. (a)).  The trial court denied defendant's petition on the ground his underlying conviction—for possessing illegal substances in a jail facility (Pen. Code, § 4573.6)—is an ineligible conviction.  Defendant's appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal of the order.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, but has not done so.

The record relevant to the instant appeal is that pertaining to defendant's Proposition 47 petition.  The facts and circumstances of defendant's underlying conviction are irrelevant save for the fact he pleaded no contest on March 21, 2014, to one count of felony possession of illegal substances in a jail facility (Pen. Code, § 4573.6) and was sentenced to two years in state prison.

Nine months later, on December 12, 2014, defendant filed a "petition for recall" of sentence pursuant to Proposition 47. Defendant maintained Proposition 47 reduced "the crime of Possession of designated controlled substances (H & S Code §11350)" to a misdemeanor and, therefore, resentencing was appropriate. The trial court denied defendant's petition, explaining his conviction under Penal Code section 4573.6 for possessing illegal substances in a jail facility is not an eligible offense under Proposition 47. (Pen. Code, § 1170.18, subd. (a).)

Defendant then filed a "motion for recall." This time, defendant more clearly claimed that under the equal protection clause of the federal and California Constitutions, his Penal Code section 4573.6 conviction should be treated the same as an eligible conviction under Health and Safety Code section 11350. The court apparently deemed this to be identical to the previously filed petition and therefore took no action on it.

Thereafter, defendant filed a notice of appeal from the denial of his "petition for recall" and a request for a certificate of probable cause, again claiming his Penal Code section 4573.6 conviction should be treated as within the "class" of eligible convictions. The trial court denied his request for a certificate of probable cause.

The trial court correctly determined that defendant's Penal Code section 4573.6 conviction is not an eligible offense under Proposition 47. (See *People v. Acosta* (2015) 242 Cal.App.4th 521, 526 (*Acosta*) [enumerating those crimes within the purview of Proposition 47].)

Nor is there any merit to defendant's claim that as a matter of equal protection, his offense should be eligible because it is a "like" offense to those eligible possessory offenses set forth in Health and Safety Code section 11350. "A defendant ' "does not have a fundamental interest in a specific term of imprisonment or in the designation a particular crime receives." (*People v. Flores* (1986) 178 Cal.App.3d 74, 88 . . . ; see *People v. Alvarez* (2001) 88 Cal.App.4th 1110, 1116 . . . [finding the rational basis test applicable to equal protection challenge involving "an alleged sentencing disparity"].)' " (*Acosta, supra,* 242 Cal.App.4th at p. 527.) Accordingly, the "rational basis" standard applies to defendant's asserted constitutional claim. (*Ibid.*) We have no difficulty

discerning a rational basis for the electorate to have determined that only personal possession offenses under the Health and Safety Code should be eligible for misdemeanor treatment, and not to have included significantly more aggravated crimes of possession such as possessing illegal substances in a jail facility. (See *People v. Parodi* (2011) 198 Cal.App.4th 1179, 1185–1186 [rational basis for Legislature to have determined section 4573.6 offense was not "nonviolent drug possession" under Proposition 36].)

After review of the relevant record, we find no arguable issues and affirm the order denying defendant's petition for recall.

_____

Banke, J.

We concur:

_____

Humes, P. J.

_____

Dondero, J.