Filed 2/25/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VINCENT JAMES DESCANO,<br><br>    Defendant and Appellant. | A144477<br><br>(Sonoma County<br>Super. Ct. No. SCR-637201) |

Defendant Vincent James Descano appeals from an order denying his petition for recall of sentence and resentencing pursuant to Penal Code section 1170.18, which was enacted as part of Proposition 47. On appeal, he contends the trial court erred in determining that his conviction for cultivating marijuana (Health & Saf. Code, § 11358) was not eligible for resentencing under Proposition 47 and that this ruling violated his right to equal protection. We affirm the judgment.

## I. BACKGROUND

According to the record, defendant was arrested on or about June 29, 2013, following the discovery that he had been cultivating marijuana in a state park in Sonoma County. As part of the cultivation process, defendant diverted water, from a tributary of Willow Creek located in the state park, to water 40 to 50 marijuana seedlings. At the time of his arrest, defendant did not have a valid Proposition 215 card to use medical marijuana. His card had expired on June 5, 2013. A number of items were seized from defendant, including a storage bin containing 30 pounds of marijuana.

On July 12, 2013, defendant was charged with cultivating marijuana (Health & Saf. Code, § 11358), carrying a concealed weapon (Pen. Code, § 25400, subd. (a)(1)), possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)), possessing a

1

firearm inside a California state park (Cal. Code Regs., tit, 14, § 4313), polluting public water (Fish & G. Code, § 5652), and entering onto land for the purpose of injuring property of the landowner (Pen. Code, § 602, subd. (k)).

That same day, July 12, 2013, defendant pled no contest to cultivating marijuana and an amended count of diverting a water stream (Fish & G. Code, § 1602). The remaining counts were dismissed and defendant was placed on probation for a period of three years. At the plea hearing, defendant told the court that he did have a medical marijuana card. The trial court advised defendant that he could possess up to one ounce of medical marijuana with a valid Proposition 215 card and a valid medical recommendation, but that he could not cultivate marijuana.

In a motion for return of seized property, defendant stated that he is a medical marijuana patient, "and there were only 30 plants that were being grown to provide medicine for myself and my partner for the entire year." Defendant also sought the return of his phone, laptop computer, $1,404 taken from his wallet, as well as marijuana pipes, water pumps, and a digital scale. The prosecutor had no objection to the return of defendant's personal items, including his computer and cell phone. However, the prosecutor did oppose returning the cash, the marijuana, marijuana pipes, and the digital scale. The trial court ordered the return of defendant's cell phone, computer, and other personal items, but denied his request to return the marijuana, marijuana pipes, and the digital scale. As to the money that was seized, the court ordered that it be used towards payment of the restitution owed ($3,788.22) for restoration of the Sonoma County state park.

In December 2014, defendant filed a petition pursuant to Penal Code section 1170.18, to reduce his felony conviction for cultivating marijuana to a misdemeanor under Proposition 47. The trial court denied the petition on the grounds that defendant's cultivation conviction (Pen. Code, § 11358) was not an enumerated offense eligible for resentencing under Proposition 47.

The instant appeal followed.

## II. DISCUSSION

Defendant contends that not reducing his cultivation conviction to a misdemeanor would be a violation of his constitutional right to equal protection. He argues that for purposes of Proposition 47 people who cultivate marijuana are similarly situated to people who "possess" marijuana.

On November 4, 2014, the California electorate passed Proposition 47, known as the Safe Neighborhoods and Schools Act (the Act). Among other things, the Act mandates "misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Act, § 3, subd. (3).) In addition, the Act authorizes "consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors." (Act, § 3, subd. (4).) Consistent with this purpose, the Act added Penal Code section 1170.18 (Act, § 14), which provides a resentencing option to "person[s] currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense . . . ." (Pen. Code, § 1170.18, subd. (a).)

Penal Code section 1170.18, subdivision (a) enumerates the eligible convictions for resentencing: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

The procedure for reviewing a recall petition is set forth in Penal Code section 1170.18, subdivision (b), which states, in pertinent part, the following: "Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner

3

satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

Following the procedure set forth in Penal Code section 1170.18, subdivision (b), a trial court, upon receiving a Proposition 47 petition, must first determine whether the petitioner has been convicted of a crime which is eligible for resentencing. In this case, the trial court determined that defendant's conviction of Health and Safety Code section 11358 for unauthorized cultivation, harvesting, or processing of marijuana was not eligible for resentencing. As we shall explain, that ruling was correct.

Penal Code section 1170.18, subdivision (a) includes possession of designated controlled substances (Health & Saf. Code, § 11350), unauthorized possession of marijuana (Health & Saf. Code, § 11357), and unauthorized possession of a controlled substance (Health & Saf. Code, § 11377). Notably absent from this list is a conviction under Health and Safety Code section 11358 for unauthorized cultivation, harvesting, or processing of marijuana.

Defendant contends that the omission of Health and Safety Code section 11358 from the list of eligible offenses in Penal Code section 1170.18, subdivision (a), violates his state and federal constitutional rights to equal protection. We disagree.

To establish an equal protection claim, a defendant must show "that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner. [Citation.]" (*In re Eric J.* (1979) 25 Cal.3d 522, 530.) The level of judicial scrutiny brought to bear on the challenged treatment depends on the nature of the distinguishing classification. (*People v. Wilkinson* (2004) 33 Cal.4th 821, 836–837.) Unless the distinction "touch[es] upon fundamental interests" or is based on gender, it will survive an equal protection challenge "if the challenged classification bears a rational

4

relationship to a legitimate state purpose." (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200, overruled on another point in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888; see *People v. Ward* (2008) 167 Cal.App.4th 252, 258 [rational basis review applicable to equal protection challenges based on sentencing disparities].)

" 'The equality guaranteed by the equal protection clauses of the federal and state Constitutions is equality under the same conditions, and among persons similarly situated. The Legislature may make reasonable classifications of persons and other activities, provided the classifications are based upon some legitimate object to be accomplished.' [Citation.]" (*People v. Spears* (1995) 40 Cal.App.4th 1683, 1687) " 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*People v. Dial* (2004) 123 Cal.App.4th 1116, 1120; see *People v. Calhoun* (2004) 118 Cal.App.4th 519, 529.) "The 'similarly situated' prerequisite simply means that an equal protection claim cannot succeed, and does not require further analysis, unless there is some showing that the two groups are sufficiently similar with respect to the purpose of the law in question that some level of scrutiny is required in order to determine whether the distinction is justified." (*People v. Nguyen* (1997) 54 Cal.App.4th 705, 714.)

"Persons convicted of *different* crimes are not similarly situated for equal protection purposes. [Citations.]" (*People v. Macias* (1982) 137 Cal.App.3d 465, 473). " '[I]t is one thing to hold . . . that persons convicted of the *same crime* cannot be treated differently. It is quite another to hold that persons convicted of *different crimes* must be treated equally.' [Citation.]" (*People v. Jacobs* (1984) 157 Cal.App.3d 797, 803.)

We find that defendant has failed to demonstrate that two similarly situated groups have been treated in an unequal manner by the resentencing laws. His claim of denial of equal protection is based upon the imposition of different levels of punishment upon defendants convicted of distinctly classified drug crimes.

The Legislature is afforded wide latitude in defining and setting the consequences of criminal offenses. (*Johnson v. Department of Justice, supra,* 60 Cal.4th at p. 887.)

Here, defendant was convicted of a different crime than those crimes that the people of the State of California, through the initiative process, and the Legislature, through enactment of statutes, have deemed eligible to have their felony conviction reduced to a misdemeanor. The people and the Legislature have specified that eligible crimes under the Health and Safety Code are possession of designated controlled substances, unauthorized possession of marijuana, and unauthorized possession of a controlled substance. (Act, § 3, subd. (3).) Defendant was convicted of unauthorized cultivation, harvesting, or processing of marijuana. "Cultivation requires more than simple possession; it includes planting, cultivating, harvesting, drying and processing marijuana. (Health & Saf. Code, § 11358.) . . . In ordinary parlance, land is cultivated for the production of crops. [Citation.] Cultivation of marijuana is the production of marijuana. Like manufacturing, it is considered a more serious offense than possession. 'The Legislature has determined that cultivation of marijuana is a serious offense; it is the beginning of a process which ultimately places an illegal substance in the hands of great numbers of consumers.' [Citation.]" (*People v. Sharp* (2003) 112 Cal.App.4th 1336, 1340 (*Sharp*).)

Nevertheless, defendant contends that his cultivation of marijuana qualifies under Proposition 47 because it was for personal use. The court in *Sharp, supra,* 112 Cal.App.4th 1336, 1340–1341, rejected a similar argument. There, the defendant argued he was eligible for drug treatment rather than incarceration under Proposition 36 (Pen. Code, § 1210 et seq.). (*Sharp,* at p. 1338.) In response to the defendant's assertion that there could be no reason to exclude cultivation for personal use, the court explained that the drafters of Proposition 36 "may have believed that the experiment of drug treatment in lieu of incarceration should not extend to those who are so heavily involved in drug use that they manufacture or cultivate the drugs, rather than merely possess and use them." (*Sharp,* at p. 1338.) "[W]here a statutory scheme designed to provide treatment for nonviolent drug offenders fails to include a particular nonviolent drug offense, it is for the Legislature, not the courts, to amend the statute to add the missing offense." (*Id.* at p. 1342.)

6

Here, as in *Sharp,* defendant relies on the fact that cultivation for personal use is a qualifying offense for deferred entry of judgment under Penal Code section 1000. Penal Code section 1000, subdivision (a) applies "whenever a case is before any court upon an accusatory pleading for a violation of . . . Section 11358 of the Health and Safety Code if the marijuana planted, cultivated, harvested, dried, or processed is for personal use . . ." (Pen. Code, § 1000, subd. (a).) The purpose of the deferred entry of judgment is "to 'divert' from the normal criminal process persons who are formally charged with first-time possession of drugs, have not yet gone to trial, and are found to be suitable for treatment and rehabilitation at the local level." (*People v. Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 61.) In contrast, Proposition 47 applies *after* a conviction and the defendant may have a prior conviction for a nonviolent drug possession offense. (Pen. Code, § 1170.18.)

Nevertheless, although the two statutory schemes are different, like the court in *Sharp,* we find instructive cases that discuss eligibility for deferred entry of judgment under Penal Code section 1000. (*Sharp, supra,* 112 Cal.App.4th at p. 1340.) For example, "[i]n *People v. Cina* (1974) 41 Cal.App.3d 136, the People sought a writ of mandate to compel the superior court to set aside its order diverting defendant from prosecution on a charge of possession of marijuana. Defendant had also been charged with cultivating marijuana based on three marijuana plants in his garden. He argued the evidence only showed cultivation for personal use, so the diversion statute should be liberally construed to cover his situation. The court found the evidence of cultivation weak and suggested the cultivation charge should be dismissed in the interest of justice under Penal Code section 1385. (*Id.* at p. 140.) Nonetheless, at the time section 1000 did not specifically include cultivation so defendant did not technically qualify for the benefits of diversion; the court granted a writ to set aside the diversion order. (*Ibid.*) The statute was later amended to include cultivation for personal use. (Stats. 1975, ch. 1267, § 1, p. 3328.)" (*Sharp,* at p. 1341.)

Similarly, in *People v. Koester* (1975) 53 Cal.App.3d 631, "the trial court ruled a physician charged with violating Health and Safety Code section 11368 (issuing fictitious

prescriptions for narcotic drugs) was not eligible for diversion. The appellate court agreed. Although defendant was an ideal candidate, the court found 'since it is our function to interpret statutory laws, not to change them, we must of necessity reach the same conclusion as did the trial judge.' (*Koester,* at p. 633.) The court found persuasive defendant's arguments that the statute should be broadly interpreted and that the Legislature intended only those who are dealing in illegal narcotics to be ineligible for diversion. It could not, however, ignore the plain language of the statute that did not include Health and Safety Code section 11368 as an eligible offense. [Citation.] Penal Code section 1000 was later amended to include Health and Safety Code section 11368 as an eligible offense 'if the narcotic drug was secured by a fictitious prescription and is for the personal use of the defendant . . . .' (Stats. 1983, ch. 1314, § 2, pp. 5312–5313.)" (*Sharp, supra,* 112 Cal.App.4th at p. 1342.)

"These cases teach that where a statutory scheme designed to provide treatment [or resentencing] for [certain] nonviolent drug offenders fails to include a particular nonviolent drug offense, it is for the Legislature, not the courts, to amend the statute to add the missing offense. Here, not only is the drug offense at issue missing, it appears to have been deliberately excluded. It is an elementary principle that the judicial function is simply to ascertain and declare what is in the terms and substance of a statute, not to insert what has been omitted or omit what has been inserted. (Code Civ. Proc., § 1858; *California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633.)" (*Sharp, supra,* 112 Cal.App.4th at p. 1342.) Here, we hold to that principle and find Proposition 47 does not apply to a conviction for cultivation of marijuana for personal use.

Defendant was convicted of a different crime than those the people of the State of California, through the initiative process, and the Legislature, through the enactment of Penal Code section 1170.18, have deemed eligible for resentencing. In short, defendant has failed to establish that is he similarly situated with the nonviolent drug offenders who

8

are eligible for resentencing under Proposition 47.[1]  Accordingly, his claim that he has been denied equal protection of the law necessarily fails.

### III. DISPOSITION

The judgment is affirmed.

_____
REARDON, J.

We concur:

_____
RUVOLO, P. J.

_____
RIVERA, J.

---

[1] By reason of this holding, we need not reach defendant's claim that the disparate treatment of marijuana growers and marijuana possessors fails under the strict scrutiny test.

Trial Court:   Sonoma County Superior Court

Trial Judge:   Hon. Jaime Thistlethwaite

Counsel:

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, Eric D. Share and Violet M. Lee, Deputy Attorneys General for Plaintiff and Respondent.