Filed 7/19/16  P. v. Roberson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GARY ABDUL ROBERSON,<br><br>Defendant and Appellant. | C080834<br><br>(Super. Ct. No. 14F00513) |

Defendant Gary Abdul Roberson appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1170.18.[1]  Appointed counsel for defendant filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there were any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We affirm the order.

On October 3, 2013, defendant, an inmate at Folsom State Prison, was found in possession of 0.05 gram of methamphetamine and 0.09 gram of marijuana, both usable

---

[1]  Undesignated statutory references are to the Penal Code.

1

amounts. Defendant pleaded no contest to possession of marijuana and methamphetamine in state prison. (§ 4573.6.) The trial court imposed a stipulated two-year term, to be served consecutively to an eight-year term defendant was serving for robbery in another case.[2]

Defendant subsequently filed a section 1170.18 petition for resentencing on his possession conviction, which was summarily denied.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought under section 1170.18 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right, and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

Defendant's supplemental brief asserts that his conviction for possession of methamphetamine and marijuana in prison is subject to section 1170.18 resentencing. He argues that this interpretation is supported by the text of section 1170.18, and because a

_____

[2] We note that the abstract of judgment erroneously gives defendant's surname as Robinson. The correct surname is Roberson.

2

contrary interpretation would violate his right to equal protection. Defendant also claims that section 4573.6 is void for vagueness.

The passage of Proposition 47 created section 1170.18, which states in pertinent part: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

Section 4573.6 is not among the offenses listed in section 1170.18. Defendant's statutory claim is therefore without merit.

"A defendant ' "does not have a fundamental interest in a specific term of imprisonment or in the designation a particular crime receives." [Citations.]' [Citation.]" (*People v. Acosta* (2015) 242 Cal.App.4th 521, 527.) Accordingly, the "rational basis" standard applies to defendant's asserted constitutional claim. (*Ibid*.) We have no difficulty discerning a rational basis for the electorate to have determined that only personal possession offenses under the Health and Safety Code should be eligible for misdemeanor treatment, and not to have included significantly more aggravated crimes of possession such as possessing illegal substances in a jail facility. (See *People v. Parodi* (2011) 198 Cal.App.4th 1179, 1185-1186 [rational basis for Legislature to have determined section 4573.6 offense was not "nonviolent drug possession" under Proposition 36].) Defendant's equal protection claim therefore also must fail.

Finally, defendant's vagueness claim fails because it is a collateral attack on the underlying conviction and is therefore outside the subject matter of the appeal of a denial of a section 1170.18 petition.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment (order) is affirmed.

          RAYE         , P. J.

We concur:

       BLEASE      , J.

       HOCH       , J.