[Crim. No. 17804.  Second Dist., Div. Five.  Jan. 14, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ELTON LEWIS TAYLOR, Defendant and Appellant.

## COUNSEL

Paul T. Locke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward T. Fogel, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, Acting P. J.**—By information filed on March 4, 1963 defendant was charged with violation of Penal Code section 459 (burglary) in counts I, II and III, and with violation of Penal Code section 664 (attempted burglary) in count IV; a prior conviction of a felony was also charged. Defendant pleaded not guilty and not guilty by reason of insanity, and denied the prior. On June 6, 1963, following the appointment of various doctors, other examinations, hospitalization of defendant and defendant's subsequent waiver of trial by jury, the case was submitted on the preliminary hearing transcript, and the plea of not guilty by reason of insanity was submitted on the doctors' reports. Defendant was found guilty as charged and was found to be sane at the time of commission of the offenses. Probation, sentence, and determination of the alleged prior conviction were continued to June 25, 1963. On December 2, 1963, after a new series of examinations, commitment to state hospital, return of defendant from such commitment, and the filing of a new probation report, the charged

prior was dismissed in the interest of justice on motion of district attorney; the offenses were found to be in the second degree; proceedings were suspended; probation was granted for three years, and defendant was released on various terms and conditions, including: (1) that he would cooperate with the probation officer in a plan for psychiatric, psychological, or other treatment; (2) seek and maintain employment as approved by the probation officer; (3) maintain residence as approved by the probation officer; and (4) obey all laws, orders, rules and regulations of the probation department and of the court. Thereafter, on December 13, 1963, a hearing on violation of probation was set for December 30 and a supplemental probation report alleging violation of probation by desertion was filed; probation was revoked, and a bench warrant for the arrest of defendant was issued; obviously, defendant was not present at these proceedings. It was not until October 23, 1969, that defendant was sentenced in the instant action, and it is that judgment from which defendant appeals.

From the time defendant was initially placed on probation in this case until shortly before the time of sentencing, defendant was in states other than California, as well as being in and out of custody. The superior court file shows that on December 12, 1963, defendant was convicted of criminal charges in Louisiana and received a suspended sentence; this fact was known by the Los Angeles court at the time defendant's probation was revoked. On that same date (though not shown to be known by the California authorities until April 1969), defendant was returned to a hospital in Florida; on October 2, 1964, defendant was transferred to a hospital in Virginia; on June 18, 1965, defendant was arrested in Washington, D.C., subsequently convicted of criminal charges, and imprisoned; on May 10, 1966, defendant was released from Washington custody; on August 24, 1966, defendant was arrested in Nevada, charged with violation of the Dyer Act, convicted, and sentenced to five years in federal prison.

In April 1969, defendant requested of the Los Angeles District Attorney a fair and speedy trial of the instant case. On September 4, 1969, defendant appeared in the Los Angeles Superior Court in a hearing on violation of probation, and that hearing was set over to the 11th. On September 11, with defendant and his counsel present, a supplemental probation report was ordered and the matter was continued to October 22, 1969. After the matter was trailed from the 22d to the 23d, probation was denied and defendant was sentenced to state prison for the term prescribed by law on each count.

Defendant contends that the constitutional guarantee of a speedy trial includes the sentencing procedure and the effects of a violation of pro-

bation. He contends that the existent delay was deliberate, purposeful, and oppressive because no attempts were made to bring defendant back into the California court; that it is the duty of the prosecution to search out the whereabouts of a fugitive from justice so as to return him to this jurisdiction and have sentence pronounced within a reasonable time once he is found to be incarcerated elsewhere. ■ Penal Code section 1554.2, subdivision (b) requires that the whereabouts of a defendant be known, or at least where he is believed to be. The record shows that while defendant was known to have been convicted of a criminal violation in Louisiana on December 12, 1963 and it was this fact and his non-compliance with other requirements of the probation conditions which caused the probation revocation, the court in Louisiana gave defendant a suspended sentence, and there is no showing in the record that the whereabouts of defendant were thereafter known by the California authorities until his communication from the federal prison in April 1969. It was upon the filing of the probation report ordered for the purpose of providing information relative to the sentencing in October 1969 that his whereabouts during the period of December 12, 1963 to April 1969 first became known to the authorities in California. There is no merit to defendant's argument that the prosecution had knowledge of his incarceration by other state authorities from December 11, 1963. It is the position of defendant that Penal Code section 1554.2, subdivision (b) required the California authorities to search him out and accomplish his return to California. There is no such obligation imposed upon law enforcement agencies.

The People cite *People* v. *Fritz,* 275 Cal.App.2d 866, 873 [80 Cal.Rptr. 506] for the proposition that sentencing is not a part of the right to a speedy trial. In that case, this question was not intended to be directly solved, for we there held that "if a non-speedy sentencing does assume [constitutional] stature, the post-appeal-time remedy for that type of irregularity generally approved by appellate decisions is a petition for writ of habeas corpus [citing cases]." Defendant cites *People* v. *Brown,* 260 Cal.App.2d 745, 751 [67 Cal.Rptr. 288] in support of his contention that sentencing is an essential part of the guarantee of a speedy trial. In that case the court was specifically presented with a problem under Penal Code section 1381.5[1] and the court

---

[1]Penal Code section 1381.5: "Whenever a defendant has been convicted of a crime and has entered upon a term of imprisonment therefor in a federal correctional institution, and at the time of entry upon such term of imprisonment or at any time during such term of imprisonment there is pending in any court of this State any indictment, information, or complaint charging such defendant with the commission of a crime, it is mandatory that the district attorney of the county in which such charge is pending, upon receiving from such defendant a request that he be brought to trial on such charge, promptly inquire of the warden or other head of the federal correctional institution in which such defendant is confined whether and when such defendant

determined that "[t]he imposition of sentence is an essential part of the speedy trial guaranteed to all accused." ▮ In the instant case, however, there is no showing that defendant was known to be in the custody of federal authorities until April 1969, at which time he requested the District Attorney of Los Angeles for a speedy trial. Defendant appeared in court for sentencing on September 4, 1969. The record is barren of any evidence that the district attorney did not fully comply with the directives of Penal Code section 1381.5, and no objection upon this ground was raised at the time of sentencing; under such circumstances it cannot be said that there has been such a violation of defendant's rights as to warrant reversal. (*People* v. *Wilson,* 60 Cal.2d 139 [32 Cal.Rptr. 44, 383 P.2d 452]; *People* v. *Rowden,* 268 Cal.App.2d 868 [74 Cal.Rptr. 448]). As this court said in *People* v. *Robinson,* 266 Cal.App.2d 261, 264 [72 Cal.Rptr. 33]: ▮ "It is axiomatic that matters not raised at trial cannot be urged for the first time on appeal. [Citations.] . . . Speedy trial rights may be waived. [Citation.] Thus, where a case is set for trial, as in the present case, in the presence of the defendant *and his counsel,* and no objection is made to the date being beyond the statutory period, the objection is deemed waived. [Citations.]" (Original italics.)

▮ Defendant contends that the sentence to state prison and denial of probation were an abuse of discretion. The granting or denying of probation is within the sound discretion of the trial court. (Cal.Jur.2d, Judgments, §§ 346, 363.) Based upon information before the trial court relative to defendant, it cannot be said that there was here an abuse of that discretion. We conclude that this is not a case which warrants our modification of the sentence, as suggested by defendant.

The judgment is affirmed.

Aiso, J., and Reppy, J., concurred.

---

can be released for trial. If an assent from authorized federal authorities for release of the defendant for trial is received by the district attorney he shall bring him to trial within 90 days after receipt of such assent, unless the federal authorities specify a date of release after 90 days, in which event the district attorney shall bring the prisoner to trial at such specified time, or unless the defendant requests, in open court, and receives, or, in open court, consents to, a continuance, in which event he may be brought to trial within 90 days from such request or consent.

"If an action is not brought to trial as provided by this section, the court in which the charge is pending shall, on motion or suggestion of the district attorney, or representative of the United States, or the defendant or his counsel, dismiss the charge."