[Crim. No. 10219. Third Dist. Sept. 15, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS GREG MAHAN, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Julia Cline Newcomb, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**BLEASE, J.**—Defendant, Thomas Greg Mahan, was convicted by jury verdict of possession of phencyclidine (Health & Saf. Code, § 11350), unauthorized entry (Pen. Code, § 602.5), and disorderly conduct (Pen. Code, § 647, subd. (f)). He appeals from the judgment subsequently entered.

FACTS

After the jury trial defendant was released on bail; he failed to appear at the time scheduled for judgment and sentencing, September 19, 1977. A bench warrant was issued for his arrest. The court was informed on March 6, 1978, that defendant was in custody in the State of Nevada.

Defendant then mailed to the court a request to have the pending sentencing in California adjudicated as soon as possible, in order that he might be able to obtain a sentence concurrent with the Nevada sentence he was then serving; the letter was dated April 3, 1978.[1]

On October 10, 1978, defendant filed a motion to be sentenced in absentia. At a hearing held December 5, 1978, the court treated defendant's motion to be sentenced in absentia as a motion under Penal Code section 1381; the court indicated its belief that Penal Code section 977 prohibited any such request. Sentencing was ordered no later than January 8, 1979, and the matter was placed on the January 2, 1979, calendar. Defendant was ordered transported to the court for sentencing.

On January 2, 1979, the district attorney informed the court that the defendant was in custody in Nevada and would not be available for sentencing until after January 20, 1979. The court ordered sentencing dropped from calendar.

On January 29, 1979, defendant appeared, and the case was referred to the probation officer for a supplemental report; defendant waived time limits to February 29, and the court continued the case to February 20, 1979.

The court denied defendant's motion to dismiss. He was sentenced on February 20, 1979, to a prison term for violation of Health and Safety Code section 11350 (2 to 10 years); the misdemeanor counts were stayed pending completion of the felony term, thereafter to be permanently stayed. The prison term was apparently permitted to run concurrently with the Nevada term. (Pen. Code, § 669.) Defendant appeals from the judgment.

---

[1] We take judicial notice of the letter, a certified copy of which has been lodged with the court.

## I

Defendant contends that the Shasta County Superior Court lacked jurisdiction to impose sentence on him, and should have dismissed the convictions. Defendant asserts that he falls within a class of persons *not* covered by California's speedy trial statutory scheme; that in order to give effect to his constitutional right to a speedy trial, he must on the basis of equal protection principles be deemed entitled to the protection of Penal Code sections 1203.2a and 1381; and that the court lacked jurisdiction to impose sentence on defendant when it failed to comply with either section. We shall conclude that there is no constitutional requirement that defendant be included within Penal Code section 1381 and that, assuming the applicability of Penal Code section 1203.2a, defendant did not comply with the procedures required for its invocation.

At the outset we note that article I, section 15, of the California Constitution guarantees a defendant the right to a speedy trial; this section has been construed to include sentencing. (*In re Shute* (1976) 58 Cal. App.3d 543, 550 [130 Cal.Rptr. 270]; *People* v. *Taylor* (1971) 14 Cal. App.3d 328, 332-333 [92 Cal.Rptr. 198].) The constitutional provision is self-executing and does not depend upon statutory implementation. (*Sykes* v. *Superior Court* (1973) 9 Cal.3d 83, 89 [106 Cal.Rptr. 786, 507 P.2d 90]; *Jones* v. *Superior Court* (1970) 3 Cal.3d 734, 738-739 [91 Cal.Rptr. 578, 478 P.2d 10].) The Constitution imposes a duty upon prosecuting officers to employ all means reasonably available to bring an accused promptly to trial. (*Barker* v. *Municipal Court* (1966) 64 Cal.2d 806, 815 [51 Cal.Rptr. 921, 415 P.2d 809]; see also Pen. Code, § 1050.) The United States Constitution imposes the same duty upon the individual states. (See *Smith* v. *Hooey* (1969) 393 U.S. 374, 380-383 [21 L.Ed.2d 607, 612-614, 89 S.Ct. 575]; *Klopfer* v. *North Carolina* (1967) 386 U.S. 213, 219-226 [18 L.Ed.2d 1, 5-10, 87 S.Ct. 988]; *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 779 [126 Cal.Rptr. 251, 543 P.2d 619].)

California has partially implemented the constitutional guarantees by statute, including Penal Code sections 1203.2a and 1381 which defendant seeks to have made applicable to him.

Penal Code section 1203.2a permits a defendant, released on probation before imposition of sentence and committed to prison on another offense, to request sentencing in absentia without counsel if the request is attested to by the prison warden or his representative. Upon receipt

of the request, the court having jurisdiction over him must sentence the defendant or terminate its jurisdiction within 30 days after defendant has "in the manner prescribed" requested imposition of sentence.

Penal Code section 1203.2a, which is statutorily limited to in-state prisoners, has been extended on the basis of constitutional principles to out-of-state prisoners by judicial excise of the words of limitation. (*Hayes* v. *Superior Court* (1971) 6 Cal.3d 216 [98 Cal.Rptr. 449, 490 P.2d 1137].) Defendant asks this court, in effect, to further excise the words limiting section 1203.2a to persons released on probation.

■ We do not reach this issue for, on the assumption that the procedures of section 1203.2a are available to defendant, he has failed to follow its procedures requiring attestation of his request, procedures which are designed "to prevent inadvertent consecutive sentences which would deprive defendant of the benefit of section 669,..." (*People* v. *Ruster* (1974) 40 Cal.App.3d 865, 870 [115 Cal.Rptr.572].) Moreover, we note that defendant did receive a concurrent sentence.

■ Penal Code section 1381 applies only to persons imprisoned in a California prison and directs that a defendant must be brought to trial or sentencing in any pending criminal proceeding within 90 days of a request to do so and that a failure to do so requires dismissal of the action. Defendant in effect requests that on equal protection principles we excise the language of Penal Code section 1381 limiting its application to in-state prisoners. We decline to do so on these facts. Defendant directed his demand to the superior court, and not the district attorney, as the statute requires. (Cf. *People* v. *Ruster, supra,* 40 Cal.App.3d at pp. 871-873.) ■ Moreover, even were we to hold that the notice was sufficient to trigger the 90-day period for bringing defendant to sentencing under section 1381, we cannot ignore the fact that the statute contemplates a situation in which it is entirely within the state's power to produce the defendant. The state has an obvious compelling interest in distinguishing between in-state and out-of-state prisoners where, as here, it lacks the means of compelling the attendance of an out-of-state inmate.

■ Penal Code section 1389 establishes a procedure for gaining control over an out-of-state prisoner, but it is not applicable to the present case. It should be noted that defendant may not claim the benefits of Penal Code section 1389. Even though Nevada has enacted the Inter-

state Agreement on Detainers (see Pen. Code, § 1389), the agreement "*does not* contemplate that a defendant who is tried and found guilty who escapes to a foreign jurisdiction will have the benefit of being brought back to California, at the state's expense, to be sentenced and then returned to the foreign jurisdiction at California's expense." (*People* v. *Castoe* (1978) 86 Cal.App.3d 484, 489 [150 Cal.Rptr. 237].) The section instead covers only situations where the defendant is returned for trial on untried indictments, informations and complaints. (*Ibid*; see also *People* v. *Buccheri* (1969) 2 Cal.App.3d 842, 843-845 [88 Cal. Rptr. 221].) Thus defendant may not claim that California should have filed a detainer with the Nevada authorities and returned him to California for sentencing with such a detainer.

It is true that the state might seek extradition of an out-of-state prisoner (U.S. Const., art. IV, § 2; 18 U.S.C. § 3182; Pen. Code, § 1557), but it would be manifestly inappropriate to require the state to produce a defendant within 90 days of his demand, using such a normally cumbersome procedure. Penal Code section 1381.5, which provides for a speedy trial or sentencing of federal prisoners, might be adapted much more easily to defendant's position. The 90-day period provided under this statute begins to run when federal authorities consent to turn the prisoner over to the state. We need not decide whether the principles of *Hayes* v. *Superior Court, supra*, and *Sykes* v. *Superior Court, supra*, require that 1381.5 be extended to state prisoners, since defendant does not contend, nor the record suggest, that he gave the district attorney notice of his demand, so that he might "promptly inquire" whether defendant might be released for sentencing, or that over 90 days passed between the receipt of such consent from Nevada, which evidently was given, and his sentencing. (*Hayes* v. *Superior Court, supra*, 6 Cal.3d at pp. 221-225; *Sykes* v. *Superior Court, supra*, 9 Cal.3d at pp. 88-93.)

Neither Penal Code section 1203.2a nor Penal Code section 1381 compels dismissal of the case here on appeal.

## II

■ If otherwise eligible, defendant's claim of entitlement to behavior and participation credits attributable to his presentence time in local custody is valid. (*People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874].) The computation of such conduct credits is, with respect to a defendant who has already been sentenced, an administra-

tive function to be performed by the Department of Corrections. (*Ibid.*; see also Cal. Dept. of Corrections, Admin. Bull. No. 80/11.)

The judgment is affirmed.

Regan, Acting P. J., and Sakuma, J.,* concurred.

A petition for a rehearing was denied October 15, 1980, and appellant's petition for a hearing by the Supreme Court was denied November 12, 1980.

---

*Assigned by the Chairperson of the Judicial Council.