Filed 4/11/16  P. v. Hernandez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> GREGORY ANTHONY HERNANDEZ, <br><br> Defendant and Appellant. | H042778 <br> (San Benito County <br> Super. Ct. No. CR1501099) |

Defendant Gregory Anthony Hernandez pleaded no contest to a count of felony escape without force or violence (Pen. Code, § 4532, subd. (b)(1))[1] and admitted he had suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12).  Pursuant to a plea agreement, the trial court sentenced defendant to an upper term of three years, doubled due to his prior strike convictions, for a total term in prison of six years.  On appeal, his counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared that defendant was notified that an independent review under *Wende* was being requested.  We advised defendant of his right to submit written argument on his own behalf within 30 days.  Defendant has submitted a letter brief raising several issues, including that he believes his plea was entered involuntarily.

Pursuant to *Wende*, we have reviewed the entire record and have concluded that there are no arguable issues.  We will provide "a brief description of the facts and

---

[1] Unspecified statutory references are to the Penal Code.

procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 110.) Pursuant to *Kelly*, we will consider defendant's letter brief and will explain why we reject his contentions. (*Id*. at p. 113.)

## BACKGROUND

*Facts*[2]

On June 24, 2015, defendant was released on a four-hour medical pass from San Benito County Jail. Defendant was verbally advised by Officer Mike Kirschmann that he was to return to the jail by noon that same day and signed a prisoner release agreement to the same effect. Defendant failed to return to jail by the specified time and was arrested three days later.

*Procedural History*

On June 30, 2015, the San Benito County District Attorney's Office filed a complaint charging defendant with one count of felony escape (§ 4532, subd. (b)(1)). It was further alleged that defendant had two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12) and had served three prior prison terms (§ 667.5, subd. (b)).

On August 7, 2015, defendant pleaded no contest to the count of felony escape and admitted his two prior strike convictions. His plea was entered under the agreement that he would receive a maximum of six years in prison, composed of an upper term of three years on the felony escape charged, doubled due to his prior strike convictions.

On August 27, 2015, the trial court sentenced defendant to the agreed-upon term of six years in prison. The court also dismissed the allegations that defendant had served three prior prison terms. Defendant was awarded 124 days of custody credit, composed

---

[2] Defendant pleaded no contest to the count of felony escape and stipulated that the factual basis of his plea was contained in the San Benito County Sheriff's Office report. Therefore, we take the facts from the sheriff's office report.

2

of 62 days of actual custody and 62 days of conduct credit.  The court also imposed a restitution fund fine of $300 under section 1202.4 and imposed and suspended a matching parole revocation fine under section 1202.45.

On September 14, 2015, defendant filed an appeal and requested a certificate of probable cause.  Defendant claimed that he was coerced into pleading no contest to the charges, he was wrongfully charged with felony escape, and he did not knowingly and voluntarily waive his right to a jury trial.  Defendant's request for a certificate of probable cause was granted.

**DISCUSSION**

Defendant's supplemental letter brief raises three issues:  (1) the factual basis for his plea is incorrect, because another officer at the county jail advised him that he needed to return to the jail after four hours, (2) he was coerced into pleading no contest based on comments made by the prosecutor and the court during certain pretrial hearings, and (3) his conviction for felony escape cannot stand, because a fellow inmate at county jail "did the same exact thing [that] I did" and received a lesser punishment.

Defendant's first argument lacks merit.  Defendant himself stipulated to the report prepared by the San Benito County Sheriff's Office as the factual basis for his plea.  "A guilty plea . . . concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt.  Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility . . . ."  (*People v. Turner* (1985) 171 Cal.App.3d 116, 125.)

Defendant also fails to provide any documentary evidence or support for his contention that the sheriff's office report contains factual discrepancies.  Furthermore, even assuming that defendant's statements are true (that a *different* officer advised him that he had to return to jail after four hours), he is not exonerated of any guilt.  Under defendant's version of events, he was still advised he had to return to county jail.

3

Additionally, defendant's claims regarding the validity of his plea agreement must be rejected.[3] We note that during the hearing on July 23, 2015, the trial court erroneously stated that defendant would be subjected to a sentence of 25 years to life if he was convicted of his crimes. During that same hearing, the trial court attempted to correct its earlier statement by clarifying that defendant would be subject to a sentence of 90 years (which is also incorrect).

Here, defendant had two strike priors. Under section 667, subdivision (e)(2)(C), if a defendant has two or more prior strikes and the current offense is not a serious or violent felony as defined in section 667, subdivision (d), the defendant will be sentenced under section 667, subdivision (e)(1) unless certain exceptions (none of which seem to apply to defendant) are applicable. Section 667, subdivision (e)(1) provides that a determinate or minimum indeterminate term shall be "twice the term otherwise provided as punishment for the current felony conviction." Defendant's present offense involves a violation of section 4532, subdivision (b)(1), without force or violence. This offense is punishable by imprisonment in state prison for 16 months, two years, or three years, or imprisonment in county jail not to exceed one year. Twice the determinate term of three years provides for a statutory maximum term of imprisonment of six years.

Despite the trial court's erroneous statements during the July 23, 2015 hearing, we find that defendant has forfeited his claim that his plea was not voluntary. Under

---

[3] In his letter brief, defendant asserted that the trial court coerced him into pleading guilty based on statements it made during hearings that took place on June 30, 2015, and July 23, 2015. On our own motion, we ordered the record augmented with the transcript of the hearings that took place on July 23, 2015. The clerk of the superior court has certified that there is no transcript of the hearing that took place on June 30, 2015, because no court reporter was present. Therefore, to the extent defendant's claims are based on facts alleged outside the record on appeal, they are more appropriately raised by way of a petition for writ of habeas corpus. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

4

section 1018, a defendant is authorized to move to withdraw his plea at any time before judgment. During the change of plea hearing, the court reiterated to the defendant several times that the maximum sentence for his offense was six years.[4] Therefore, the record demonstrates that defendant was aware of the circumstances that would have caused his plea to be involuntary, because during the earlier hearing on July 23, 2015, the court had informed him that he would face a vastly different maximum term of 90 years. Yet, despite being advised at the change of plea hearing that the maximum sentence for his offense was six years and not 90 years, defendant did not move to withdraw his plea. "[A]s a general rule, 'an appellate court will not consider claims of error that could have been—but were not—raised in the trial court.' " (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1412.)

Lastly, defendant argues that his sentence is improper, because a fellow inmate committed a similar crime (presumably, absconded from jail) but received a lesser punishment. This argument lacks a legal basis. That another inmate received a lesser punishment for committing the same crime is not cognizable as an argument that defendant was denied equal protection of the law. " ' "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." ' " (*People v. Dial* (2004) 123 Cal.App.4th 1116, 1120.)

---

[4] The court first informed defendant, "The Court would then impose the maximum term of three years, which would be doubled to six years, and it would be mandated— you would be required to serve the sentence of—any sentence in this case in state prison." Defendant acknowledged that he understood that statement. Later, the court reiterated to defendant, "The maximum sentence for the offense is three years doubled, or six years. Do you understand that?" Defendant answered, "Yes."

5

In addition to the arguments set forth by defendant in his letter brief, we have also conducted an independent review of the record pursuant to *Wende* and *Kelly*. We conclude there are no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Márquez, J.