Filed 5/5/16  P. v. Herrin CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL THOMAS HERRIN,<br><br>    Defendant and Appellant.<br><br>-------------------------------------------<br><br>MICHAEL THOMAS HERRIN,<br><br>    Petitioner,<br><br>v.<br><br>SONOMA COUNTY SUPERIOR COURT,<br><br>    Respondent. | A144157, A145069<br><br>(Sonoma County<br>Super. Ct. No. SCR645719)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING |

BY THE COURT:

It is ordered that the opinion filed on April 5, 2016, be modified as follows:

1.    On page 1, second sentence of the first paragraph, the word "conviction" is changed to "convictions" and the word "was" is changed to "were" so the sentence reads, in pertinent part, as follows: "On appeal, defendant contends the trial court erred in determining that his convictions . . . were not eligible for resentencing . . . ."

There is no change in the judgment.

The petition for rehearing is denied.

    (Reardon, Acting P.J., Ruvolo, J., and Rivera, J. joined in the decision.)

Date: _____    _____P.J.

Filed 4/5/16  P. v. Herrin CA1/4 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL THOMAS HERRIN,<br><br>        Defendant and Appellant.<br>-------------------------------------------<br>MICHAEL THOMAS HERRIN,<br><br>         Petitioner,<br><br>v.<br><br>SONOMA COUNTY SUPERIOR COURT,<br><br>         Respondent. | A144157, A145069<br><br>(Sonoma County<br>Super. Ct. No. SCR645719) |

## I. INTRODUCTION

Defendant Michael Thomas Herrin appeals from an order partially denying his petition for recall of sentence and resentencing pursuant to Penal Code section 1170.18,[1] as part of the passage of Proposition 47.  On appeal, defendant contends the trial court erred in determining that his conviction for buying or receiving stolen vehicles in violation of section 496d, subdivision (a) was not eligible for resentencing under

---

[1]     All further undesignated statutory references are to the Penal Code.

1

Proposition 47, and that this ruling deprived him of due process and equal protection. In a related petition for writ of mandate,[2] defendant raises the same challenges to the trial court's decision. We affirm the judgment and deny the petition for writ of mandate.

## I. BACKGROUND

### A. *Original Plea and Sentencing*

On March 28, 2014, the Sonoma County District Attorney's Office filed an information charging defendant with two counts of buying and receiving a stolen vehicle (§ 496d, subd. (a); counts one and two), possession of heroin (Health & Saf. Code, § 11350, subd. (a); count three), and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a), count four). The information also alleged a prior strike conviction (§ 1170.12) Inasmuch as there was no preliminary hearing or probation report, the facts of the underlying offenses are not included in the record.

On April 15, 2014, defendant pleaded no contest to the charges and admitted the prior strike allegation. The plea agreement provided for a stipulated prison term of 32 months, consisting of a 16-month term for count one which was doubled pursuant to section 1170.12, and 32-month concurrent terms for all other counts.

### B. *Passage of Proposition 47*

On November 5, 2014, section 1170.18 went into effect, as part of the passage of Proposition 47, the Safe Neighborhoods and Schools Act. Section 1170.18 provides, in part, as follows: "(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the

---

[2] On May 11, 2015, defendant filed a petition for writ of mandate (A145069). On May 13, 2015, we issued an order deferring decision on the petition and stating it would be considered together with the appeal in this case. On June 18, 2015, we granted defendant's motion to expedite the appeal and for calendar preference. By our own motion, we have consolidated the petition with the appeal and now deny it herein.

judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.  [¶]  (b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a).  If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, [as] those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

## C.     *Petition to Recall Sentence*

On December 17, 2014, defendant filed a Proposition 47 petition for recall of sentence for all four felony convictions pursuant to section 1170.18, subdivision (a).  In his petition, defendant sought resentencing and reclassification of his section 496d, subdivision (a) convictions (buying and receiving stolen vehicle), as well as his convictions under Health and Safety Code sections 11350 and 11377.  In opposition,  the district attorney agreed that the Health and Safety Code convictions were eligible for resentencing, but not the section 496d offenses.

At the January 2, 2015 resentencing hearing, the trial court announced its intention to grant Proposition 47 relief as to the controlled substances offenses in counts three and four, but not as to the buying and receiving stolen vehicle offenses in counts one and two. The district attorney agreed that "the 11350 and 11377 qualify but not . . . the 496d(a)." Defense counsel responded as follows:  "Just for the record, it is Mr. Herrin's position that a 496d(a) should be covered under [P]rop 47 if the value is less than $950.  In this case, these 2000 Chevy pickups, one is not operational.  So our position is it's less than $950."  The court ruled as follows:  "The 496d(a), it's the Court's opinion that it's not covered by Prop 47.  As to counts 1 and 2, the petition is denied.  As to counts 3 and 4, it is granted."

3

On January 27, 2015, defendant filed a timely notice of appeal.

## II. DISCUSSION

Defendant contends that Proposition 47 applies to his conviction under section 496d purchase or receipt of a stolen vehicle. He claims the trial court erred in denying his petition to reduce this felony conviction to a misdemeanor and that, in so ruling, the trial court deprived defendant of his right to due process and equal protection. We disagree.

### A. *Standard of Review*

We independently determine issues of law, such as the interpretation and construction of statutory language. (*People v. Love* (2005) 132 Cal.App.4th 276, 284.) In interpreting a voter initiative, we apply the same principles that govern the construction of a statute. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276.) " ' "When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." [Citation.]' [Citation.]" (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.) "But if the language is ambiguous, [the court may] consider extrinsic evidence in determining voter intent, including the Legislative Analyst's analysis and ballot arguments for and against the initiative." (*Silicon Valley Taxpayers' Assn., Inc. v. Santa Clara County Open Space Authority* (2008) 44 Cal.4th 431, 444-445.) The language of an enactment can be used as extrinsic evidence, as it is "more indicative of legislative intent than extrinsic aids to construction." (*Hobbs v. Municipal Court* (1991) 233 Cal.App.3d 670, 696, disapproved on another point in *People v. Tillis* (1998) 18 Cal.4th 284, 295.) Moreover, in enacting a statute, " ' "the drafters who frame an initiative statute and the voters who enact it may be deemed to be aware of the judicial construction of the law that served as its source." ' " (*People v. Garrett* (2001) 92 Cal.App.4th 1417, 1432; *People v. Superior Court (Arevalos)* (1996) 41 Cal.App.4th 908, 914.)

4

### B.  *Proposition 47 Does not Apply*

#### 1.  *Overview of Proposition 47*

Proposition 47 reduced penalties for certain nonserious, nonviolent crimes like petty theft and drug possession from wobblers or felonies to misdemeanors.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  Proposition 47 added sections 459.5 (creating shoplifting as a crime in lieu of commercial burglary), 490.2 (defining petty theft), and 1170.18 (adding resentencing provisions) to the Penal Code.  It also amended existing sections 473 (forgery), 476a (writing bad checks), 496 (receiving stolen property) and 666 (petty theft with a prior) and Health and Safety Code sections 11350, 11357, and 11377 to reflect the crimes' new status as misdemeanors.  (*Ibid.*)

#### 2.  *Analysis*

Defendant argues that though Proposition 47 does not expressly address section 496d, it impliedly includes violations of this section since it applies to receiving stolen property other than vehicles under section 496 and theft of a vehicle under section 490.2.  His claim is without merit because nothing in Proposition 47 plainly states that it applies to section 496d, and a court may not add something to a statute to conform it to an assumed intent that does not appear from the statute's language.

Section 1170.18 states that resentencing relief may be appropriate for persons convicted of specific offenses; however, it does not list section 496d, as one of those offenses.  The statutory interpretation canon *expressio unius est exclusio alterius* ("expressio unius") means that inclusion of one thing in a statute indicates exclusion of another thing not expressed in the statute.  (See *Gikas v. Zolin* (1993) 6 Cal.4th 841, 852.)  The canon expressio unius has force only when the items expressed in a statute are members of an " 'associated group or series,' " which justifies the conclusion that items not mentioned were excluded by deliberate choice, not inadvertence.  (See *Barnhart v. Peabody Coal Co.* (2003) 537 U.S. 149, 168.)  For example, the court in *People v. Gray* (1979) 91 Cal.App.3d 545, 551, determined that the legislative inclusion of only four crimes as exceptions to the sentence enhancement for great bodily injury in commission of a felony (§ 12022.7) demonstrated the legislative intent to exclude other crimes, like

attempted murder, from the list. There, that court held the enhancement for attempted murder was proper. (*People v. Gray, supra,* 91 Cal.App.3d at p. 551.) Where a statute lists specific exemptions, courts may not infer additional exemptions unless there is a clear legislative intent that such additional exemptions are intended. (*Wildlife Alive v. Chickering* (1976) 18 Cal.3d 190, 195, superseded by statute as stated in *Berkeley Hillside Preservation v. City of Berkeley* (2015) 60 Cal.4th 1086.) Here, as in *Gray*, section 1170.18 lists a specific series of crimes, and that list does not include section 496d. The legislative intent to limit application of Proposition 47 to the listed offenses is clear—the plain language of the statute states that those particular code sections have been "added or amended" by Proposition 47 (§ 1170.18.) The logical inference is that any section not added or amended by Proposition 47 is not included or affected by Proposition 47. The plain language of section 1170.18 illustrates the Legislature's intent to limit the applicable offenses to those listed in the text.

Further, as the California Supreme Court has stated, " 'insert[ing]' additional language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes. This rule has been codified in California as [Code of Civil Procedure] section 1858, which provides that a court must not "insert what has been omitted from a statute.' [Citation.]" (*People v. Guzman* (2005) 35 Cal.4th 577, 587.) A court has no power to add something to a statute to conform it to an assumed intent that does not appear from the statute's language. (*People v. Eckard* (2011) 195 Cal.App.4th 1241, 1248.) Accordingly, a court should not partially rewrite a statute unless it is " 'compelled by necessity and supported by firm evidence of the drafters' true intent.' " (*People v. Guzman, supra,* 35 Cal.4th at p. 587.) Here, the plain language of Proposition 47 does not affect a section 496d violation.

Despite the fact that section 1170.18 omits section 496d, defendant effectively claims there is evidence of legislative intent to include that section under the Proposition 47. Defendant argues that Proposition 47 impliedly extends to section 496d because it applies to receiving stolen property other than vehicles valued at $950 or less (§ 496), as well as to petty theft (§ 490.2) Defendant is mistaken. He cannot demonstrate that the

6

voters impliedly intended to include section 496d by enacting Proposition 47, which amends section 496 and enacts section 490.2.

In 1998, the Legislature enacted section 496d specifically targeting the burgeoning problem of vehicle theft crimes in this state. Section 496d was added " 'to encompass only motor vehicles related to the receiving of stolen property.' " (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2390 (1997-1998 Reg. Sess.) as amended June 23, 1998.) Its goal was to "provide [an] additional tool[] to law enforcement for utilization in combating vehicle theft and prosecuting vehicle thieves. Incarcerating vehicle thieves provides safer streets and saves Californians millions of dollars. [This] proposal[] target[s] persons involved in the business of vehicle theft." (*Ibid.*) Consistent with this purpose, section 496d provides for stiff penalties, subdivision (a) provides in relevant part, as follows: "Every person who buys or receives any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor vehicle . . . from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months or two or three years or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in a county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000), or both."

" 'Fixing the penalty for crimes is the province of the Legislature, which is in the best position to evaluate the gravity of different crimes and to make judgments among different penological approaches.' [Citation.] Phrased differently: 'The definition of crime and the determination of punishment are foremost among those matters that fall within the legislative domain.' (*People v. Mills* (1978) 81 Cal.App.3d 171, 176-177; accord, *Tracy v. Municipal Court* (1978) 22 Cal.3d 760, 765 ['the Legislature has the power and duty to define and classify crimes and offenses'].)" (*People v. Mauch* (2008)

7

163 Cal.App.4th 669, 674.)  Section 496d, unlike section 496 and 490.2, provides for fines up to $10,000 and imprisonment for up to two years in state prison.[3]

Proposition 47, officially known as the Safe Neighborhoods and Schools Act, was enacted "to ensure that prison spending is focused on violent and serious offenses [and] to maximize alternatives for nonserious, nonviolent crime . . . ."  The increased punishment for section 496d offenses demonstrates that the Legislature views section 496d offenses as constituting more serious offenses than those under sections 496 and 490.2.  Neither the trial court nor this court has the power to second-guess this determination.  In sum, the legislative intent supports the omission of section 496d from the list of offenses eligible for Proposition 47 treatment.

Finally, even were we to find that Proposition 47 applies to a section 496d conviction by implication, the trial court properly denied defendant's petition under section 1170.18 because he failed to show that he qualified for resentencing.  Section 1170.18 states that a person currently serving a felony sentence for an offense that is now a misdemeanor may petition for a recall of that sentence and request resentencing in accordance with the offense statutes as added or amended by Proposition 47, including section 490.2.  (§ 1170.18, subd. (a).)  "Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a)." (*Id.,* subd. (b).)  A person who satisfies the criteria in subdivision (a) of section 1170.18 shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless

---

[3]     Section 496 provides, in part, as follows: "Every person who buys or receives any property that has been stolen . . . shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170.  However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year . . . ."  And, section 490.2 provides, in part, as follows: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Ibid.*)

Here, there was no express or implied finding of fact that the value of each subject vehicle was $950 or less. Yet, defendant insists that the value of the vehicles was an established, even stipulated, matter in the trial court. However, the record of defendant's felony conviction contains no evidence showing the stolen vehicles he purchased or received were less than $950 each. Rather, at the hearing to recall the sentence, defense counsel merely stated: "In this case, [there are two] 2000 Chevy pickups, one is not operational. So our position is it's less than $950."

We are not persuaded by defendant's assertion that the prosecutor implicitly conceded that defendant had met the criteria of having a low-value property offense by failing to dispute the statements made by defense counsel. Defendant had the burden of establishing that the value of the property did not exceed $950. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 [defendant has the burden of proving the value of the property did not exceed $950].) Neither the petition nor the hearing to recall the sentence provided adequate information about the value of the property. Accordingly, defendant did not meet his burden of proof.

Defendant does not dispute the paucity of information about the value of the stolen vehicles. Rather, he maintains that the value of the vehicles was not seriously in doubt and that the real question was whether the offense of buying or receiving a stolen vehicle *should* be eligible for resentencing under Proposition 47. This argument, however, does not negate the fact that he failed to meet his burden of proof in establishing the value of the stolen vehicles.

## C.     *No Equal Protection Violation*

Further, there is no constitutional violation in the manner the trial court conducted its sentencing determination. Defendant contends that interpreting Proposition 47 to exclude the offense of receiving a low-value stolen vehicle violates his right to equal protection. He argues that treating low-value vehicle *theft* as a misdemeanor, while treating the offense of *receiving* the same low-value stolen vehicle as a felony violates his

9

right to equal protection under the state and federal constitutions. He similarly argues that the disparate treatment of individuals who purchase or receive low-value, stolen vehicles and those who purchase or receive low-value, stolen property other than vehicles also violates his equal protection rights.

To establish an equal protection claim, appellant must show "that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner. [Citation.]" (*In re Eric J.* (1979) 25 Cal.3d 522, 530.) The level of judicial scrutiny brought to bear on the challenged treatment depends on the nature of the distinguishing classification. (*People v. Wilkinson* (2004) 33 Cal.4th 821, 836-837.) Unless the distinction "touch[es] upon fundamental interests" or is based on gender, it will survive an equal protection challenge "if the challenged classification bears a rational relationship to a legitimate state purpose." (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200, overruled on another point in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888; see also *People v. Ward* (2008) 167 Cal.App.4th 252, 258 [rational basis review applicable to equal protection challenges based on sentencing disparities].)

Here, defendant argues Proposition 47 should apply to the purchase or receipt of stolen vehicles worth no more than $950. " 'The equality guaranteed by the equal protection clauses of the federal and state Constitutions is equality under the same conditions, and among persons similarly situated. The Legislature may make reasonable classifications of persons and other activities, provided the classifications are based upon some legitimate object to be accomplished.' [Citation.]" (*People v. Spears* (1995) 40 Cal.App.4th 1683, 1687.) " 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*People v. Dial* (2004) 123 Cal.App.4th 1116, 1120; see also *People v. Calhoun* (2004) 118 Cal.App.4th 519, 529.) "The 'similarly situated' prerequisite simply means that an equal protection claim cannot succeed, and does not require further analysis, unless there is some showing that the two groups are sufficiently similar with respect to the purpose of the law in question that some level of scrutiny is required in order to determine whether the

10

distinction is justified." (*People v. Nguyen* (1997) 54 Cal.App.4th 705, 714.) "Persons who are similarly situated must be treated alike. [Citation.] There is, however, no requirement that persons in different circumstances must be treated as if their situations were similar." (*People v. McCain* (1995) 36 Cal.App.4th 817, 819.)

"This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.) " 'The use of the term "similarly situated" in this context refers only to the fact that " '[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same.' . . ." . . . There is always some difference between the two groups which a law treats in an unequal manner since an equal protection claim necessarily asserts that the law in some way distinguishes between the two groups.' " (*People v. Jones* (2002) 101 Cal.App.4th 220, 227, disapproved on another point in *People v. Hofsheier, supra,* 37 Cal.4th 1185, 1207, fn. 9); see also *People v. Goslar* (1999) 70 Cal.App.4th 270, 277.) "The analysis will not proceed beyond this stage if the groups at issue are not ' "similarly situated with respect to the legitimate purpose of the law," ' or if they are similarly situated, but receive ' "like treatment." ' Identical treatment is not required." (*In re Jose Z.* (2004) 116 Cal.App.4th 953, 960.)

" 'If it is determined that the law treats similarly situated groups differently, a second level of analysis is required. If the law in question impinges on the exercise of a fundamental right, it is subject to strict scrutiny and will be upheld only if it is necessary to further a compelling state interest. All other legislation satisfies the requirements of equal protection if it bears a rational relationship to a legitimate state purpose.' " (*People v. Gonzales* (2001) 87 Cal.App.4th 1, 12-13, quoting from *People v. Goslar, supra,* 70 Cal.App.4th 270, 277.)

We find that defendant has failed to demonstrate that two similarly situated groups have been treated in an unequal manner by the resentencing laws. His claim of denial of equal protection is based upon the imposition of different levels of punishment upon defendants convicted of distinctly classified property crimes. The particular property

11

crime of receiving or buying a stolen vehicle has been accorded different treatment by the Legislature based upon its unique nature and predicate facts. As discussed, in 1998, the Legislature enacted section 496d specifically targeting the burgeoning problem of vehicle theft crimes in this state. It bears repeating that section 496d was added "to encompass *only motor vehicles* related to the receiving of stolen property." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2390 (1997-1998 Reg. Sess.) as amended June 23, 1998, italics added.) Its goal was to " 'provide [an] additional tool[] to law enforcement for utilization in combating vehicle theft and prosecuting vehicle thieves. Incarcerating vehicle thieves provides safer streets and saves Californians millions of dollars. [This] proposal[] target[s] persons involved in the business of vehicle theft.' " (*Ibid.*)

Therefore, not only are persons convicted of the more vexing crime problem of vehicle theft not similarly situated for constitutional analysis purposes with simple petty thieves or with individuals who buy/receive stolen property (other than vehicles), but also the Legislative history provides a rational basis justifying disparate treatment for vehicular theft crimes specifically. (*Johnson v. Department of Justice, supra,* 60 Cal.4th 871, 881.)

Moreover, even if 496d offenders are similarly situated with 496 and 490.2 offenders, defendant failed to prove that he falls within such class of persons. Defendant pleaded no contest to two violations of section 496d, but his plea does not establish the value of the vehicles taken. As discussed *ante*, there is no finding of fact that the vehicles were worth less than $950 each. Defendant, therefore, cannot argue that his sentence violates his constitutional right to equal protection because he has not established that he is in the class of persons whom he argues received an unconstitutional sentence.

In sum, defendant's claim fails because persons convicted under each statute are not similarly situated, and defendant has not established that he is in the class of persons he argues should receive relief under Proposition 47.

12

## III. DISPOSITION

The order partially denying defendant's petition for resentencing is affirmed.  The petition for writ of mandate is denied.

_____
REARDON, J.


We concur:


_____
RUVOLO, P. J.


_____
RIVERA, J.


*People v. Herrin* A144157

14